# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8009 | **DATE** | 8/1/2011 |
| **CASE TITLE** | Joseph Davis (K-60509) vs. Gregory Schwartz | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion for reconsideration [12] is denied.

■[ For further details see text below.]     Docketing to mail notices.

---

## STATEMENT

     This matter is before the court on Petitioner Joseph Davis' (Davis) motion for reconsideration. On January 13, 2010, the court denied Davis' first motion for leave to proceed *in forma pauperis*. The court gave Davis until February 3, 2010, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form. The court also warned Davis that if he failed to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by February 3, 2010, this case would be dismissed.

     On February 4, 2010, Davis filed a second motion for leave to proceed *in forma pauperis*, but did not accurately complete his *in forma pauperis* application form. For example, Davis failed to indicate any income on his *in forma pauperis* application form other than the $10 per month that he received at his place of incarceration. However, a review of Davis' prison trust account statement reflects that he had received approximately $335 from money orders or checks in the last six months. Thus, since Davis did not pay the filing fee or file an accurately and properly completed *in forma pauperis* application form, the court dismissed the instant action on February 17, 2010. On March 4, 2010, Davis filed a motion for reconsideration, which was denied on April 7, 2010. Davis subsequently brought the instant motion for

| STATEMENT |
|---|

reconsideration over a year later on May 5, 2011.

Davis argues that it took a lengthy amount of time to receive his prison trust account statement and that it is not his fault if the statement was not completed properly since he did not prepare it. However, as the court indicated in its prior rulings, it was the *in forma pauperis* application forms completed by Davis that were incomplete and inaccurate, not his prison trust account statement. Davis has not shown that his prison trust account statement was inaccurate. Davis also indicates that he was relying on the assistance of individuals at the prison law library and other inmates, and that due to lockdowns the library has been closed. However, Davis is proceeding *pro se* and is not represented by counsel, and it is incumbent upon himself to complete his own filings accurately. Davis also indicates in a conclusory fashion that he has not been given a reasonable amount of time to complete an *in forma pauperis* application properly. However, Davis was given two opportunities to prepare an accurately and properly completed *in forma pauperis* application form and failed to do so. Davis has not explained why he was unable to properly complete an *in forma pauperis* application form during the time period provided by the court. In addition, the court notes that Davis waited a full year before filing this motion for reconsideration. Davis has not shown that the court erred in dismissing the instant action, nor has Davis presented any new arguments or evidence that shows that the instant action should be reinstated. Therefore, the motion for reconsideration is denied.